**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

**TOMMIE WILLIAMS,**

    Plaintiff,

**v.**                                               Civil Action No.

_____


**TKC CONSTRUCTION, LLC (formerly known as
"Triple K Construction"), and KEVIN
KIRCHHARR, individually and in his
capacity as Owner,**

 Defendants.


**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL


## PRELIMINARY STATEMENT

Plaintiff Tommie Williams brings this action against his former employer, TKC Construction, LLC and its owner, Kevin Kirchharr, for unlawful race discrimination, age discrimination, retaliation, hostile work environment, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"). Mr. Williams, an African American man who dedicated over sixteen years of his working life to Defendants, was systematically denied promotions, subjected to racially hostile treatment, denied benefits provided to other employees, and ultimately forced to resign. He now seeks all available relief under federal law.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5(f)(3), as this action arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

2. Venue is proper in the Southern District of Alabama, Mobile Division, pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein were committed within this judicial district. Defendant TKC Construction conducted operations in Mobile and Baldwin Counties, Alabama.

3. Plaintiff has exhausted all administrative remedies required as a condition precedent to filing this action. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Mobile Local Office. The EEOC has issued a Notice of Right to Sue on March 10, 2026, and this action is filed within ninety (90) days of Plaintiff's receipt of that notice.

## PARTIES

4. Plaintiff Tommie Williams is an African American male resident of Mobile County, Alabama. At all relevant times, Mr. Williams was an employee of Defendant TKC Construction within the meaning of Title VII, 42 U.S.C. § 2000e(f), and the ADEA, 29 U.S.C. § 630(f).

5. Defendant TKC Construction, formerly operating under the name "Triple K Construction," is a construction company headquartered at 23311 Vaughn RD Robertsdale, AL 36567, with operations in Mobile and Baldwin Counties, Alabama. At all relevant times, TKC Construction employed fifteen (15) or more employees and was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), and the ADEA, 29 U.S.C. § 630(b).

6. Defendant Kevin Kirchharr is the owner and operator of TKC Construction. At all relevant times, Kirchharr served as the principal decision-maker and exercised direct supervisory authority over Plaintiff and all employment decisions affecting him. Kirchharr is sued individually to the extent permitted by law and in his capacity as owner of the enterprise.

## FACTUAL ALLEGATIONS

7. Mr. Williams was employed by Defendants for approximately sixteen (16) years as the lead of a concrete crew. Throughout his employment, Mr. Williams consistently and competently performed his assigned duties, regularly trained new workers including employees who were subsequently promoted over him and demonstrated leadership and expertise that benefited Defendants' operations.

8. Despite his tenure, experience, and demonstrated leadership, Mr. Williams received little formal recognition for his contributions and was denied advancement opportunities throughout his employment.

9. On repeated occasions throughout his employment, Defendants denied Mr. Williams promotions and advancement opportunities for which he was the most qualified candidate, instead elevating substantially less qualified, less experienced, younger, and Caucasian employees.

10. By way of example, Jacob Jones, a twenty-four (24) year old Caucasian male whom Mr. Williams personally trained, was promoted to supervisor. Jones was provided a company truck and higher pay opportunities that were denied to Mr. Williams on the basis of his race (African American). All supervisors and others promoted over Mr. Williams were Caucasian.

11. Defendants' pattern of promoting younger, less experienced Caucasian employees over Mr. Williams despite his superior qualifications and tenure

constitutes unlawful race discrimination under Title VII and unlawful age discrimination under the ADEA.

12. Mr. Williams was subjected to materially different and inferior working conditions compared to similarly situated non-African American employees.

13. Defendants denied Mr. Williams the ability to ride in company vehicles to worksites, while permitting other employees to ride in company trucks. This disparate treatment forced Mr. Williams to use his personal vehicle to travel long distances across Alabama and Florida for Defendants' benefit, with minimal compensation.

14. Mr. Williams received only a nominal $1.00/hour raise as purported compensation for the use of his personal vehicle and the burden of extended travel which such compensation grossly inadequate and not provided to comparably situated employees under company vehicle policies.

15. Defendants denied Mr. Williams retirement benefits, 401(k) plan participation, comparable health insurance, and other customary benefits provided to other employees, further evidencing a pattern of unequal treatment based on race.

16. Throughout his employment, Mr. Williams was subjected to a hostile work environment created and maintained by Defendant Kirchharr, including verbal disparagement and discriminatory decision-making directed at Mr. Williams on the basis of his race and age.

17. The hostile and discriminatory conditions were severe and pervasive, ultimately causing significant physical and emotional harm to Mr. Williams, including requiring him to be placed on blood pressure medication as a direct result of work-related stress.

18. Defendants' hostile work environment was unwelcome, based on race and/or age, sufficiently severe or pervasive to alter the conditions of Mr. Williams' employment, and attributable to Defendants.

19. Mr. Williams raised concerns with Defendants regarding the lack of support, inadequate staffing, and discriminatory treatment he was experiencing in the workplace.

20. Rather than addressing his legitimate complaints, Defendants retaliated against Mr. Williams by further marginalizing him in promotions and work assignments, deepening the adverse employment actions taken against him.

21. Defendants' retaliatory conduct violated Title VII's prohibition on retaliation against employees who engage in protected activity, 42 U.S.C. § 2000e-3(a).

22. The cumulative effect of Defendants' discriminatory conduct, denial of advancement, hostile work environment, denial of benefits, and retaliation rendered Mr. Williams' working conditions so intolerable that a reasonable person in his position would have felt compelled to resign.

23. In 2025, after enduring years of discrimination and being repeatedly denied advancement despite his proven experience and dedication, Mr. Williams was constructively forced to resign his employment.

24. Defendants were aware of, or should have been aware of, the conditions giving rise to Mr. Williams' constructive discharge and failed to take adequate corrective action.

## CAUSES OF ACTION

### COUNT I – RACE DISCRIMINATION IN VIOLATION OF TITLE VII(42 U.S.C. § 2000e-2)

25. Defendants discriminated against Mr. Williams in the terms, conditions, and privileges of his employment on the basis of his race (African American), including but not limited to denying him promotions, subjecting him to inferior working conditions, denying him benefits provided to other employees, and constructively discharging him.

26. Defendants' conduct constitutes intentional race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

27. As a direct and proximate result of Defendants' discriminatory conduct, Mr. Williams has suffered and continues to suffer lost wages and benefits, loss of promotional opportunities, emotional distress, mental anguish, physical health complications, and out-of-pocket expenses.

### COUNT II – HOSTILE WORK ENVIRONMENT BASED ON RACE(42 U.S.C. § 2000e-2)

28. Defendants, through the conduct of Defendant Kirchharr and others, subjected Mr. Williams to a racially hostile work environment that was severe and pervasive, unwelcome, and based on his race, altering the terms and conditions of his employment.

29. Defendants knew or should have known of the hostile work environment and failed to take prompt, effective corrective action.

30. Defendants' conduct constitutes an unlawful hostile work environment in violation of Title VII, 42 U.S.C. § 2000e-2.

## COUNT III – RETALIATION IN VIOLATION OF TITLE VII(42 U.S.C. § 2000e-3)

31. Mr. Williams engaged in protected activity under Title VII by complaining to Defendants about discriminatory treatment in the workplace.

32. Defendants retaliated against Mr. Williams for engaging in protected activity by further marginalizing him in promotions, work assignments, and working conditions.

33. A causal connection exists between Mr. Williams' protected activity and the adverse employment actions taken against him.

34. Defendants' retaliatory conduct violates Title VII, 42 U.S.C. § 2000e-3(a).

## COUNT IV – AGE DISCRIMINATION IN VIOLATION OF THE ADEA(29 U.S.C. § 623)

35. At all relevant times, Mr. Williams was forty (40) years of age or older and is a member of the class of persons protected by the ADEA.

36. Defendants discriminated against Mr. Williams on the basis of his age by repeatedly promoting substantially younger employees, including Jacob Jones (age 24) who were less qualified than Mr. Williams, and by denying Mr. Williams promotions, comparable compensation, and benefits.

37. Defendants' discriminatory conduct was willful within the meaning of the ADEA, 29 U.S.C. § 626(b).

38. As a direct and proximate result of Defendants' age discrimination, Mr. Williams has suffered and continues to suffer the damages described herein.

## COUNT V – CONSTRUCTIVE DISCHARGE

39. Defendants deliberately created working conditions so intolerable through sustained racial and age discrimination, denial of advancement, retaliation, hostile work environment, and denial of benefits that a reasonable person in Mr. Williams' position would have felt compelled to resign.

40. Mr. Williams' resignation in 2025 constitutes a constructive discharge, and Defendants are liable for all damages flowing therefrom as if he had been terminated.

41. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Tommie Williams has suffered the following damages:

   a. Lost wages and back pay;

   b. Lost benefits, including retirement, 401(k), and health insurance;

   c. Loss of promotional opportunities and future earning capacity;

   d. Emotional distress, mental anguish, and pain and suffering;

   e. Physical health complications, including hypertension requiring medication;

   f. Out-of-pocket expenses, including unreimbursed costs of personal vehicle use for company business;

   g. Punitive damages to the extent permitted by law;

   h. Liquidated damages pursuant to the ADEA, 29 U.S.C. § 626(b);

   i. Attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k) and 29 U.S.C. § 626(b); and

   j. Such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tommie Williams respectfully prays that this Court:

1. Enter judgment in favor of Plaintiff and against Defendants on all counts;

2. Award Plaintiff compensatory damages for lost wages, lost benefits, emotional distress, and all other recoverable damages in amounts to be determined at trial;

3. Award Plaintiff liquidated damages under the ADEA;

4. Award Plaintiff punitive damages pursuant to 42 U.S.C. § 1981a;

5. Award Plaintiff reasonable attorneys' fees and costs;

6. Order Defendants to reinstate Plaintiff to an appropriate position with full benefits, or in the alternative, award front pay;

7. Award pre- and post-judgment interest; and

8. Grant such other and further relief as the Court deems equitable and just.


## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Tommie Williams hereby demands a trial by jury on all issues so triable.


Respectfully submitted,


/s/Colin Al-Greene____
Colin Al-Greene ALG003
209 Saint Louis St
Mobile, AL 36602-2919
colin@al-greenlaw.com
Attorney for Plaintiff Tommie Williams



/s/ Travis Johns
Travis Johns ASB2224W36R
Travis Johns Law Firm

405 Saraland Blvd. S., Unit D
Saraland, Alabama 36571
(251) 422-4423
travis@travisjohns.law
Attorney for Plaintiff Tommie Williams